IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ALEX M. GRIFFIN,<br><br>        Plaintiff<br><br>    VS.<br><br>DR. KANE,<br><br>        Defendant | NO. 5:05-CV-48 (DF)<br><br>PROCEEDINGS UNDER 42 U.S.C. § 1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

## RECOMMENDATION

Plaintiff ALEX GRIFFIN has filed the above-captioned *pro se* complaint pursuant to 42 U.S.C. §1983. The plaintiff has sued defendant DR. KANE alleging that he violated plaintiff's constitutional rights in that he was deliberately indifferent to plaintiff's medical needs by involuntarily medicating him while he was being housed in Central State Hospital (CSH) in Milledgeville, Georgia.[1]

Before the court is the defendant's **MOTION FOR SUMMARY JUDGMENT (**Tab #35); a brief, along with an affidavit and medical records in support thereof (Tab #36); and a Statement of Undisputed Material Facts (Tab #37). The court advised the plaintiff of said motion and his duty to respond properly thereto. Tab #38. Plaintiff GRIFFIN has filed a response to the defendant's motion Tab # 39. In entering this recommendation, the undersigned has carefully considered the defendant's motion and all attachments thereto, as well as the plaintiff's response.

LEGAL STANDARDS
**A. Summary Judgment**

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

---

[1] Other claims in the complaint appear to include withholding of funds, use of excessive force, and failure to protect, none of which are attributable to defendant KANE.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[2]

---

[2] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

## DISCUSSION

### Statute of Limitations

In footnote 2 at page 716 of *Mullinax v. McElhenney*, 817 F.2d 711 (11th Cir.1987), the Court of Appeals stated in part:

> Although Section 1983 does not contain a specific statute of limitations, 42 U.S.C. §1988 directs courts in Section 1983 actions to apply the most appropriate and analogous state statute of limitations *Burnett v. Grattan*, 468 U.S. 42, 47-48, 104 S.Ct. 2924, 2928, 82 L.Ed.2d 36 (1984); *Board of Regents v. Tomanio*, 446 U.S. 478, 483-86, 100 S.Ct. 1790, 1794-96, 64 L.Ed.2d 440 (1980). In *Wilson v. Garcia*, 471 U.S. 261, 276-79, 105 S.Ct. 1938, 1947-49, 85 L.Ed.2d 254 (1985), the Supreme Court interpreted the dictates of Section 1988 as requiring in all Section 1983 actions the application of the state limitations statute governing "personal injury" claims. Thus, under *Wilson*, the proper limitations period for all Section 1983 actions in Georgia is the two-year limitations period set forth in O.C.G.A. §9-3-33. *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir.1986).

The plaintiff has been hospitalized numerous times at CSH, but only the most recent occurrence, which was in July of 2004, falls within two years prior to the plaintiff's filing of this case on February 2, 2005. Accordingly, all claims arising out of previous hospitalizations are barred by the statute of limitations.[3]

### Deliberate Indifference/Involuntary Medication

Defendant KANE's affidavits state that aside from Tylenol for his back pain, the plaintiff was never given any medication, voluntarily or otherwise, in the plaintiff's July 2004 stay at CSH. The plaintiff has provided no evidence to the contrary. Accordingly, this court finds that the plaintiff's claim of involuntary medication is without merit. Additionally, the plaintiff has failed to allege any other specific acts of deliberate indifference to the plaintiff's medical needs in his 2004 hospitalization.

---

[3] The only date the plaintiff appears to cite in his complaint or any of his other pleadings is November 1, 2002, which he claims to be the worst day of his life. It is unclear whether the plaintiff's opinion of that day was a result of the defendant's actions, actions of other CSH personnel, or because of the death of Jam Master Jay, a legendary DJ for the hip-hop group Run DMC. Regardless of the reason, November 1, 2002 is more than two years before the filing of this action, so that claim is barred by the statute of limitations.

In the court's view, plaintiff GRIFFIN has failed to establish the defendant's deliberate indifference to his medical needs based on involuntary medication or any other ground.  The plaintiff has submitted no medical evidence to support his contention that the defendant was deliberately indifferent in treating his complaints. The record is replete with indications that proper treatment has been afforded the plaintiff.  Therefore, the defendant is entitled to summary judgment on these claims.

Accordingly, IT IS RECOMMENDED that the defendant's MOTION FOR SUMMARY JUDGMENT (Tab #35) be **GRANTED**.  Pursuant to 28 U.S.C. §636(b)(1) the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom the case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 26nd day of APRIL, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE